IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHRISTOPHER M.,[1]                                    No. 3:20-cv-02231-HZ

               Plaintiff,                       OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

               Defendant.


George J. Wall
Caitlin S. Laumaker
Law Offices of George J. Wall
825 NE 20th Avenue, Suite 330
Portland, OR 97232

       Attorneys for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.


1 – OPINION & ORDER

Portland, OR 97204

Frederick D. Fripps
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Christopher M. brings this action seeking judicial review of the Commissioner's

final decision to deny disability insurance benefits ("DIB") and supplemental security income

("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. §

1383(c)(3)). For the reasons below, the Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on December 6, 2019, alleging an onset date of

September 1, 2015. Tr. 189-90.[2] His application was denied initially and on reconsideration. Tr.

108-16, 119-23. On July 14, 2020, Plaintiff appeared by telephone with counsel for a hearing

before an Administrative Law Judge ("ALJ"). Tr. 34-58. On August 21, 2020, the ALJ found

Plaintiff not disabled. Tr. 15-28. The Appeals Council denied review. Tr. 1-3.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on bipolar 1 disorder. Tr. 199. At the time of his alleged

onset date, he was 28 years old. Tr. 27, 196. He has a high school education and past relevant

work experience as a cashier. Tr. 26-27.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative
record, filed herein as Docket No. 9.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform

other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the

Commissioner meets their burden and proves that the claimant can perform other work that

exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since his alleged onset date. Tr. 17. Next, at steps two and three, the ALJ determined that

Plaintiff has the following severe impairment: "bipolar disorder." Tr. 17. However, the ALJ

determined that Plaintiff's impairment did not meet or medically equal the severity of a listed

impairment. Tr. 18-20. At step four, the ALJ concluded that Plaintiff has the residual functional

capacity to perform a full range of work at all exertional levels with the following non-exertional

limitations:

> Plaintiff can understand, remember, and carry out routine repetitive tasks and
> instructions that can be learned within thirty days or by demonstration consistent
> with occupations with an SVP level of one or two and a GED level not to exceed
> two. He can perform work requiring only simple work-related decisions with few,
> if any, workplace changes.

Tr. 20. In considering these limitations, the ALJ concluded that Plaintiff could perform his past

relevant work as a cashier. Tr. 26. In addition to his past relevant work, the ALJ found that there

are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such

as a small parts assembler, hand packager, and laundry sorter. Tr. 27-28. Thus, the ALJ

concluded that Plaintiff is not disabled. Tr. 28.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings "are based on legal error or are not supported by substantial evidence

in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal

quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a

whole, including both the evidence that supports and detracts from the Commissioner's decision.

*Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is

susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."

*Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v.*

*Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either

a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal

quotation marks omitted).

### DISCUSSION

Plaintiff argues that the ALJ failed to include a limitation in Plaintiff's RFC that he

would miss two days of work per month. Pl.'s Opening Br. 5-7, ECF 16. In support of that

argument, Plaintiff asserts that the ALJ improperly (1) rejected Plaintiff's subjective symptom

testimony and (2) discounted a medical opinion from Plaintiff's psychiatric doctor, Dr. Ian Starr,

M.D. For the reasons discussed below, the Court finds that the ALJ did not err in computing

Plaintiff's RFC, and the ALJ's decision was supported by substantial evidence.

## I.    Legal Rule

An ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c),

416.946(c). In doing so, an ALJ "translat[es] and incorporat[es] clinical findings into a succinct

RFC. *Rounds v. Comm'r*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ also bears the burden of

proving that the claimant is capable of performing jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1560; 416.960.

## II.   Analysis

### A.   *Plaintiff's Subjective Symptom Testimony*

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on clear and convincing reasons") (quotation marks and citation omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ engages in a two-step analysis for subjective symptom evaluation: First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged"; and second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms") (quotation marks and citations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual

functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and

must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195

(9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons

proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ

did not arbitrarily discount the claimant's testimony.").

   Plaintiff testified that he had lost previous jobs due to frequent absences caused by manic

or depressive symptoms related to his bipolar disorder. Tr. 41, 44. He testified that he cannot

work because unpredictable mood swings may cause him to miss work at times. Tr. 44.

   The ALJ determined that Plaintiff's testimony was unpersuasive based on evidence in the

record demonstrating Plaintiff's stability and improvement with medication and mental health

treatment. The ALJ observed that Plaintiff demonstrated improved stability in 2014 and 2015

after receiving medication management for his bipolar disorder. Tr. 22-24 (citing Tr. 349-352).

While Plaintiff experienced a manic episode in April 2016, the ALJ noted that Plaintiff

subsequently established mental health treatment in July 2016. Tr. 25 (citing Tr. 574-86). After

establishing treatment in 2016, the ALJ reported that Plaintiff's condition improved throughout

the relevant period; and although Plaintiff experienced some anxiety and increased stress due to

the lack of success in his job search, he remained stable with intact cognitive functions and

normal interactions. Tr. 24-25 (citing 625, 636, 644, 654, 661, 672, 685, 697-99, 755-62, 782-95,

852, 897-98). The ALJ further noted that in June 2018, Plaintiff reported at a psychiatric

appointment that his mood and mental status remained stable, but he intended to apply for

disability due to anxiety from not finding employment. Tr. 23 (citing Tr. 757-63).

The ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's

testimony. In weighing a claimant's symptom testimony, the ALJ can consider the type and

effectiveness of medication and other treatment that a claimant takes to relieve his symptoms. 20

C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has observed that "evidence of

medical treatment successfully relieving symptoms can undermine a claim for disability."

*Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). As noted above, the ALJ reasonably

relied on substantial evidence in the record demonstrating that Plaintiff's condition improved

with medication and mental health treatment during the relevant period. Moreover, Plaintiff

acknowledges in his briefing that his condition is "stable with frequent therapy and assistance

with medication management[.]" Pl.'s Opening Br. 6.

In sum, the Court concludes the ALJ's finding is supported by substantial evidence based

on the record as a whole. Although Plaintiff may disagree with the ALJ's interpretation of the

record, the ALJ's interpretation is supported by substantial evidence, which precludes the Court

from engaging in second-guessing. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)

("Where the evidence is susceptible to more than one rational interpretation, one of which

supports the ALJ's decision, the ALJ's conclusion must be upheld.").

### B.       Dr. Starr

New regulations about weighing medical opinion evidence apply to claims filed on or

after March 27, 2017. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819,

82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new

regulations, ALJs are no longer required to give deference to any medical opinion, including

treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§

404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant,

specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The

"most important" factors in the evaluation process are supportability and consistency. 20 C.F.R.

§§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ is required to explain how supportability and consistency

were considered and may explain how the other factors were considered. 20 C.F.R

§§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative

findings "about the same issue are both equally well-supported . . . and consistent with the record

. . . but are not exactly the same," the ALJ is required to explain how the other factors were

considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Plaintiff's prescribing psychiatric doctor, Dr. Starr, completed a mental residual

functional capacity assessment of Plaintiff on May 20, 2020. Tr. 890-92. In that assessment, Dr.

Starr estimated that Plaintiff would likely miss two days of work per month due to his

impairment or symptoms. Tr. 892. The ALJ rejected Dr. Starr's estimation, reasoning that Dr.

Starr's opinion was both unsupported and inconsistent with the record based on both Dr. Starr's

own examinations of Plaintiff and evidence from other medical providers. Tr. 25.

In this case, the ALJ did not err in rejecting Dr. Starr's opinion concerning the frequency

that Plaintiff would miss work. First, as the ALJ explained, Dr. Starr's opinion that Plaintiff

would miss two days of work per month was inconsistent with his own previous reports of

Plaintiff's stable condition and improvement with medication and mental health services.

Incongruity between a doctor's opinion and his own treatment notes provides a valid basis for an

ALJ to discount a medical opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

For instance, Dr. Starr's treatment summaries, including one in June 2020, acknowledged that

Plaintiff remained stable and did not experience any manic or depressive episodes after

establishing treatment in July 2016. Tr. 406, 898. Additionally, Dr. Starr repeatedly noted that

Plaintiff's medication regime remained consistent throughout the relevant period, even when

other mental health providers decreased the frequency of Plaintiff's therapy and case

management appointments. *See* Tr. 25 (citing Tr. 582, 625, 636, 741-43, 802, 829-30).

Second, the ALJ correctly found that Dr. Starr's opinion was unsupported by other

medical evidence in the record. A medical opinion is generally less persuasive when it is

inconsistent with the remaining evidence in the record. 20 C.F.R. §§ 404.1520c(c)(2),

416.920c(c)(2); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir 2005). As was recounted

above, various medical reports during the relevant period demonstrated that Plaintiff's condition

improved and that his symptoms remained stable with the use of medication and mental health

services. Tr. 451-55, 625, 636, 641-43, 756-62, 782-95, 852, 897-98.

In sum, the Court finds that the ALJ did not err in computing Plaintiff's RFC, including

the determination that Plaintiff would not regularly miss two days of work per month.

Additionally, the ALJ did not err in weighing Plaintiff's subjective symptom testimony or Dr.

Starr's medical opinion. As such, the ALJ did not commit harmful legal error.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED:___April 4, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER